Strafford
No. 7692

GARY HRUSHKA

v.

STATE OF NEW HAMPSHIRE
DEPARTMENT OF PUBLIC WORKS AND HIGHWAYS

December 30, 1977

*Barrett & McNeill,* Professional Association, of Durham (*John T. Barrett III* orally) for the plaintiff.

*David H. Souter,* attorney general and *Edward W. Stewart, Jr.,* attorney (*Mr. Stewart* orally), for the defendants.

PER CURIAM. This is an action in assumpsit under RSA 491:8 and on the case to recover damages for personal injuries arising out of an accident which occurred on October 9, 1973. The defendants moved to dismiss the action on the grounds of sovereign immunity and the plaintiff's failure to state a cause of action. The motions were granted by *Cann, J.,* who reserved and transferred all questions of law raised by plaintiff's exceptions to the granting of the foregoing motions. For the reasons indicated hereinafter, we uphold the granting of defendant's motions.

Plaintiff allegedly received his injuries in the course of his employment as a laborer for North East Erectors, Inc., which was doing repair work on bridges owned by the State of New Hamp-

shire pursuant to a contract with the New Hampshire Department of Public Works and Highways. Plaintiff's employment with North East Erectors, Inc., entailed operating a pneumatic hammer positioned on his shoulder in order to remove deteriorated concrete from the underside of a bridge. It is alleged that the noise made by the hammer caused the plaintiff to lose essentially all of the hearing ability of his right ear and to become afflicted with intractable tinnitus, a condition which causes a constant high-pitch ringing in the affected person's head and which is not curable.

The first count of plaintiff's complaint is one of assumpsit. It is with this count that plaintiff is attempting to recover pursuant to RSA 491:8. This statute provides that the superior court shall have jurisdiction to enter judgment against the state in actions founded on express or implied contracts with the state. Plaintiff has not alleged facts upon which the trial court could reasonably find a contract between the defendants and himself. It is his theory, however, that the contract between the defendants and North East Erectors, Inc., contained provisions for his benefit, and he thereby became a third-party beneficiary. See United States v. Huff, 165 F.2d 720 (5th Cir. 1948).

The contract between the department of public works and North East Erectors, Inc., specified that no worker was to be employed by North East Erectors, Inc., or by any subcontractors, under conditions dangerous to the worker's health or safety. The regulations of the Occupational Safety and Health Administration, United States Department of Labor, were incorporated into the contract by reference and were agreed to be determinative of whether working conditions were dangerous.

It is clear from the contract that North East Erectors, Inc., promised to enforce the federal health and safety standards. The plaintiff claims that the defendants also expressly or impliedly promised to insure that the workmen would not be employed in hazardous working conditions, and this promise was made for plaintiff's benefit. The plaintiff says this promise arises out of section 105.01 of the standard specifications, entitled "Authority of Engineer," which provides in part: "All work shall be done under the supervision of the Engineer [of the Department of Public Works and Highways] and to his satisfaction. . . . The Engineer will have the authority to suspend the work wholly or in part due to the failure of the Contractor to correct conditions unsafe for the work-

men or the general public. . . ." The plaintiff alleges that the state breached this promise, causing him to suffer the loss of his hearing.

■ Assuming without deciding that the state's authority over the supervision of the construction constituted a promise, the plaintiff faces an insurmountable hurdle in establishing himself as a third-party beneficiary. Section 107.21 of the Standard Specifications provides:

> NO THIRD PARTY BENEFICIARY. It is specifically agreed between the parties executing this contract that it is not intended by any of the provisions of any part of the contract to create the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this contract to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this contract. The duties, obligations, and responsibilities of the parties to this contract with respect to third parties shall remain as imposed by law.

As a general rule, the rights of a third party are dependent upon the intent of the parties who executed the contract. *Knapp v. New Haven Road Construction Co.*, 150 Conn. 321, 189 A.2d 386 (1963); 17 Am. Jur. 2d *Contracts* § 304 (1964). "[I]f two contracting parties expressly provide that some third party who will be benefited by performance shall have no legally enforceable right, the courts should effectuate the expressed intent by denying the third party any direct remedy." 4 A. Corbin, Contracts § 777 (1951).

■ It is clear that the parties did not intend to confer a benefit on any third party which could be enforced in a court. We therefore hold that the first count of his complaint was properly dismissed. On the facts of this case, we see no merit in his suggestion that the clause is against public policy.

*Exceptions overruled.*

GRIMES, J., did not sit; the others concurred.