CITIES SERVICE COMPANY, Harry C. Bader, and Ann D. Friel, Appellants,

v.

GULF OIL CORPORATION and GOC Acquisition Corporation, Appellees.

No. 64058.

Court of Appeals of Oklahoma, Division No. 1.

March 20, 1990.

Rehearing Denied May 29, 1990.

Certiorari Denied Sept. 18, 1990.

Charles C. Baker, and David L. Bryant, Tulsa, Peter C. Hein, New York City, for appellants.

Darrel A. Kelsey, Tulsa, for appellant Cities Service Co.

John S. Athens, and Steven K. Balman, Tulsa, John W. Castles, III, William P. Casella, New York City, for appellee.

John E. Bailey, Houston, Tex., for appellee Gulf Oil Corp.

## MEMORANDUM OPINION

MacGUIGAN, Judge:

On June 17, 1982, Cities Service Company (Cities) and Appellees entered into a written merger agreement which provided for the acquisition of Cities by Appellees. GOC Acquisition Corporation (GOCA) is a wholly-owned subsidiary of Gulf Oil Corporation (Gulf) which was formed for the purpose of making a tender offer for Cities' common stock. Harry C. Bader and Ann D. Friel, Appellants, are individuals who owned shares of Cities' common stock and who tendered their stock to Appellees pursuant to the tender offer described below. The acquisition was to be accomplished in two inter-related steps set forth in the merger agreement. Promptly, after June 17, 1982, the merger agreement provided that GOCA would commence a tender offer for up to 41,000,500 shares (approximately 54.3%) of Cities' common stock at a cash price of $63.00 per share and as soon as practicable thereafter, Cities would merge with GOCA. Upon consummation of this merger, the remaining shares of Cities' stock would be exchanged for a fixed income security issued by GOCA with a value of at least $63.00 per share. Pursuant to the merger agreement, on or about June 22, 1982, Gulf made its offer to purchase 41,000,500 shares of Cities' common stock at $63.00 per share.

On Friday, August 6, 1982, after the Federal Trade Commission obtained a temporary restraining order on July 29, 1982 enjoining the merger, Gulf terminated the tender offer and merger agreement. Under the merger agreement and the tender offer Gulf's termination was permitted in the event of action taken by a government agency which would make the acquisition or the consummation of the merger illegal. On August 9, 1982, Appellants commenced their action against Appellees in the District Court in Tulsa County. Thereafter, former shareholders of Cities filed over 25 class actions against Gulf and its directors in federal and state courts. A consolidated multi-district Cities' shareholders class action case against Gulf is currently pending in the U.S. District Court for the Southern district of New York. The stockholders are proceeding on a class basis in this litigation consisting of a certified class of all Cities' shareholders who tendered their shares to Gulf or who purchased Cities' shares or options on Cities' shares on the market between June 7 and August 6, 1982. They seek damages allegedly resulting from the termination of the merger agreement and tender offer.

Counsel for the class in the New York action has represented to the court that all identified members of the class have been notified of the class action pursuant to Federal Rule of Civil Procedure 23(c)(2) and the time within which the shareholders were permitted to request exclusion from the class action has lapsed. Several shareholders, known as the Jones plaintiffs, requested exclusion and filed a separate action in the State of New York. That action also seeks damages for termination of the merger agreement and tender offer.

In the present action Appellees filed a special demurrer and motion to dismiss all of the causes of action alleged by Cities in their amended petition. Thereafter, the trial court sustained in part, denied in part Appellees' special demurrer and motion to dismiss. The only action by the trial court pertinent to this appeal is the dismissal of the fourth, fifth and sixth causes of action alleged by Cities in their amended petition. The fourth cause of action was alleged by Cities against Appellees to enforce prom-

ises made by Appellees to Cities for the benefit of Cities' shareholders. The fifth and sixth causes of action were by Bader and Friel against Appellees for breach of contract and for fraud.

## I.

## WHETHER CITIES' FOURTH CAUSE OF ACTION WAS PROPERLY DISMISSED

Cities asserts that it seeks damages on behalf of Cities' shareholders because Cities' shareholders were third-party beneficiaries under Sections 1.1 and 2.1 of the merger agreement. Cities' amended petition sets forth certain damages Cities seeks in its fourth cause of action:

> The damages (in an amount less than 2.5 billion) to which ... Cities Service shareholders are entitled by reason of defendant's failure to perform their promises under Section 1.1 and 2.1 of the merger agreement.

Cities asserts that the merger agreement is a third-party beneficiary contract and that Cities as promisee, can sue to enforce third-party rights. Section 10.8(i) and (ii) of the merger agreement state:

> Section 10.8 Miscellaneous. This agreement ... (i) constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, among the parties, or any of them, with respect to the subject matter here; (ii) is not intended to confer upon any other person any rights or remedies hereunder; ...

The vast majority of courts that have considered such clauses have uniformly upheld them. *Gettler v. Cities Service Co.*, 739 P.2d 515 (Okl.1987); *American Financial Corp. v. Computer Science Corp.*, 558 F.Supp. 1182 (D.Del.1983); *Richmond Shopping Center, Inc. v. Wiley N. Jackson Co.*, 220 Va. 135, 255 S.E.2d 518 (1979); *E.C. Ernst, Inc. v. Manhattan Construction Co. of Texas*, 551 F.2d 1026, 1030 (5th Cir.) Reh'g granted on other grounds 559 F.2d 268 (1977), cert. denied 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978); *Hrushka v. State*, 117 N.H. 1022, 381 A.2d 326 (1977); *Larkin v. Metropolitan Life Insurance Co.*, 28 Misc.2d 451, 212 N.Y.

S.2d 538 (Sup.Ct.1961); *Federal Mogul Corp. v. Universal Construction Co.*, 376 So.2d 716 (Ala.Civ.App.1979) cert. denied 376 So.2d 726 (Ala.1979). See also Section 302 of the *Restatement (Second) of Contracts;* 4 *Corbin on Contracts* § 777, at 25 (1951).

Cities relies on the case of *Oil Capital Racing Assoc. v. Tulsa Speedway, Inc.*, 628 P.2d 1176 (Okl.Ct.App.1981). In the *Oil Capital* case paragraph 28 of the contract concerning car racing provided:

"No legally enforceable right shall inure to any person or persons not a party to this agreement."

Id. at 1178. The court, however, found the contract ambiguous and stated that it could be construed to create two potential classes of third-party beneficiaries. Therefore, the court found the petition was not demurrable on its face.

■ In the present case, however, there is no ambiguity on the face of the merger agreement as to those persons to whom Section 10.8 was intended to apply, because in the present case the shareholders are the only class of potential third-party beneficiaries evident on the face of the contract. Cities' assertion that perhaps Section 10.8 was intended to apply to option holders on Cities' shares, Gulf shareholders and investment bankers is erroneous as those persons are clearly mere incidental beneficiaries who as a matter of law have no enforceable rights under the merger agreement even in the absence of a Section 10.8. *Restatement (Second) of Contracts* Sections 302, 315. Because of Section 10.8 of the merger agreement, we hold that the parties to said agreement (Cities, Gulf and GOCA) did not intend to confer upon the shareholders a right to receive performance by the promisor, Gulf, and therefore the shareholders were not in the legal sense third-party beneficiaries of the merger agreement.

■ Cities argues also that the phrase "this agreement" contained in Section 10.8 includes not only the merger agreement but also the tender offer to which the shareholders are parties. Therefore, Cities asserts that because the shareholders are parties to the tender offer, they are not

excluded from the merger agreement's 10.8 language negating an intention to confer rights "upon any person." We hold, however, that the language contained in 10.8 "instruments ... referred in the agreement" is limited to those agreements "among the parties" and the shareholders are not parties to the merger agreement, only Cities, Gulf and GOCA were "parties." We therefore hold that the trial court properly sustained Gulf's special demurrer and dismissing the fourth cause of action.

## II.

WHETHER THE TRIAL COURT PROPERLY STRUCK FROM THE AMENDED PETITION THE FIFTH AND SIXTH CAUSES OF ACTION ALLEGED BY AND ON BEHALF OF BADER AND FRIEL.

■ As previously stated, a shareholder class action suit has been brought against Gulf and is currently pending in the U.S. District Court for the southern district of New York. The shareholders seek damages allegedly resulting from the termination of the merger agreement and the tender offer agreement, i.e. the same subject matter involved in Cities' fourth cause of action. All identified members of the class have been notified of the class action and the time within which the shareholders were permitted to request exclusion from the class has elapsed. The Jones plaintiffs are the only shareholders that have elected to exclude themselves from the class. Since Bader and Friel did not exclude themselves from the class in the New York action, they are now part of said shareholder litigation in New York. By participating in the shareholder litigation in New York, Bader and Friel are pursuing the same claims against Appellees they asserted in the present case. In *Buckley et al. v. Kelly et al.*, 126 Okl. 20, 257 P. 1107 (1927), the Court stated:

Where a party after his appeal to this Court causes an action to be instituted in the U.S. District Court, involving the same parties and the identical subject matter, the filing of such action in the latter court will be deemed to be an abandonment of the appeal in this Court ...

We therefore hold that Bader and Friel, by pursuing the litigation in New York, have abandoned their appeal in this Court.

 Further, we hold that Bader and Friel have alleged claims not arising from the same transaction or occurrence as that forming the basis of Cities' claims and that the claims of Bader and Friel do not affect all the parties to the action. Thus, Bader and Friel's claims are not properly joined with those of Cities.

Appellants argue that the only transaction contemplated by Cities, Gulf and Cities' shareholders was the proposed acquisition of Cities by Gulf. They further argue that "the fact that this transaction was composed of a merger agreement and an offer to purchase does not alter the unitary nature of the transaction for purposes of joinder." Appellants also argue that their claims affect one another because of the common questions of (1) whether the alleged occurrence of certain conditions excuse Gulf and GOCA from their obligations under the merger agreement; (2) whether the occurrence of the same conditions excuse GOCA from its obligations under the offer to purchase; and (3) whether Bader and Friel were intended to be third-party beneficiaries under the merger agreement. We disagree.

We have already held that the shareholders have no claims as parties to or third-party beneficiaries of the merger agreement. Bader and Friel seek recovery for Gulf's alleged misdeeds and failure to perform under the tender offer directed to Cities' shareholders, to which Cities was not a party. The merger agreement was entered into by Cities and Gulf only and Cities' shareholders, such as Bader and Friel, were not parties to said agreement. By contrast, the tender offer was extended to Cities' shareholders by GOCA only. The tender offer was an offer to purchase from Cities' shareholders at a fixed price any Cities's shares a particular shareholder wished to tender subject to the terms and conditions of the offer. Bader and Friel accepted the offer by tendering their shares. The two agreements were part of two separate occurrences. The tender offer was to effect the first phase of the purchase of Cities' common stock which was to benefit Cities' shareholders only. The merger agreement dictated the method that Cities and GOCA would consummate the merger after the tender offer was successfully concluded. These are two separate contracts for two distinct purposes. Cities has claims under the merger agreement while Bader and Friel have claims under the tender offer. Cities, Bader and Friel are claiming under different agreements, entered into at different times and between different parties upon different terms and conditions. We hold therefore that their claims do not arise from the same transaction or occurrence and, therefore, their claims are not properly joined. 12 O.S 1981 § 265. Therefore, the trial court properly struck from the amended petition the fifth and sixth causes of action.

AFFIRMED.

HUNTER, V.C.J., and GARRETT, P.J., concur.