**BRUNSWICK CORPORATION and ICO Transitory, Inc., Appellants,**

v.

**Alan H. BUSH, Wilford B. Fultz, Michael W. Milner, C.O. Ted Collins, Jr., and Richard L. Lowe, for Themselves and on Behalf of a Class Comprised of all Shareholders of ICO, Inc. on May 24, 1985, Appellees.**

No. 2–91–121–CV.

Court of Appeals of Texas, Fort Worth.

April 15, 1992.

Carrington, Coleman, Sloman & Blumenthal and Fletcher L. Yarbrough, Corbet F. Bryant, Jr., Ken Carroll, Dallas, for appellants.

Cantey & Hanger, and Cecil E. Munn, S.G. Johndroe, Sloan B. Blair, Fort Worth, for appellees.

Before JOE SPURLOCK, II, FARRIS and LATTIMORE, JJ.

OPINION

FARRIS, Justice.

■ Brunswick Corporation and ICO Transitory, Inc. (collectively Brunswick) appeal an order of the trial court certifying as a class the shareholders of ICO, Inc. (ICO). *See* TEX.R.CIV.P. 42. Brunswick appeals for essentially three reasons: (1) this court's prior opinion in *Bush v. Brunswick Corp.*, 783 S.W.2d 724 (Tex.App.—Fort Worth 1989, writ denied) is not controlling with regard to all shareholders of ICO; (2) all shareholders of ICO are not third-party

beneficiaries with a right to sue under the Merger Agreement; and (3) holding that all shareholders of ICO are not third-party beneficiaries will not lead to inequitable results. We sustain Brunswick's point of error and hold that all shareholders of ICO are not intended third-party beneficiaries of the Merger Agreement and thus, are not entitled to class certification.

This case arises out of a lawsuit in which ICO originally sued Brunswick for damages for anticipatory breach of a Merger Agreement in which ICO agreed to merge with ICO Transitory, Inc., a wholly owned subsidiary of Brunswick Corporation. After the suit was filed, seven of ICO's shareholders (Major Shareholders) sought intervention and class certification for all shareholders of ICO to pursue a cause of action for money damages due to the decrease in market price of their stock after the merger was called off. The trial court struck the plea in intervention and original class action petition, finding that the Major Shareholders were not parties to the Merger Agreement or third-party beneficiaries of the Merger Agreement entitled to bring suit to enforce it. The Major Shareholders appealed to this court claiming the trial court had erred in holding that the Major Shareholders were not intended third-party beneficiaries of the Merger Agreement, and in construing the Merger Agreement to mean that the Major Shareholders had no rights or remedies under the Merger Agreement. This court agreed and reversed, holding that the Major Shareholders were intended third-party beneficiaries of the Merger Agreement by virtue of analyzing the Merger Agreement in connection with a Shareholder Agreement[1] entered into by the Major Shareholders and Brunswick. *Bush,* 783 S.W.2d at 728, 730–31. On remand, the trial court ordered class certification for all shareholders of ICO with five of the Major Shareholders as class representatives. It is of this order

that Brunswick now complains. The prior opinion of this court does not discuss the class certification issue before us today.

Brunswick's position is that only the Major Shareholders are third-party beneficiaries of the Merger Agreement entitled to sue for damages. Brunswick's argument centers around the fact that the remaining shareholders of ICO never entered into any agreement with Brunswick, as did the Major Shareholders. Therefore, this court's prior opinion did not decide the rights of the remaining ICO shareholders because only the Major Shareholders were parties to the prior appeal. We note that the remaining shareholders could not have been parties to the prior appeal because the class certification issue was not reached by the trial court.

Asserting a contrary position, the class of shareholders argues that the Merger Agreement inured to the benefit of all of ICO's shareholders, and that this court's prior opinion merely looked to the Shareholder Agreement to show additional consideration for the Merger Agreement.

The general rule is that shareholders have no individual right to recovery where an injury to the corporation results in a depreciation of the value of their stock. *Massachusetts v. Davis,* 140 Tex. 398, 168 S.W.2d 216, 221 (1942); *Stinnett v. Paramount–Famous Lasky Corp.,* 37 S.W.2d 145, 149 (Tex.Comm'n App.1931, holding approved); *Bush,* 783 S.W.2d at 727. However, where a wrongdoer violates a duty arising from contract or otherwise, and owing directly by the wrongdoer to the shareholder, the shareholder may maintain an action. *Davis,* 168 S.W.2d at 222; *Stinnett,* 37 S.W.2d at 149; *Bush,* 783 S.W.2d at 727. "[I]f there is a contract or other liability of which the stockholder personally is the beneficiary, the cause of action arises to him as would any other cause of action he might have under the same circumstances." *Cullum v. General Motors Ac-*

---

1. The Major Shareholders were parties to a Shareholder Agreement entered into at the same time as the Merger Agreement. The Shareholder Agreement provided in part that the Major Shareholders would: (1) make individual warranties and representations with regard to the merger to Brunswick; (2) indemnify and hold Brunswick harmless from all losses, liabilities and damages; (3) contribute $984,561 to an escrow fund; (4) agree to support the merger; and (5) represent the financial status of ICO.

*ceptance Corp.*, 115 S.W.2d 1196, 1201 (Tex.Civ.App.—Amarillo 1938, no writ).

■ There is a presumption against third-party beneficiary agreements. *MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4, 12 (Tex.App.—Dallas 1988, writ denied). The intent of the contracting parties is controlling when determining whether parties are third party beneficiaries of a contract. *Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501, 503 (Tex.1975); *see also Sowell v. Northwest Cent. Pipeline Corp.*, 703 F.Supp. 575, 581 (N.D.Tex.1988). In determining intent, courts presume that the parties contracted only for themselves and not for the benefit of third parties, unless the obligation to the third party is clearly and fully spelled out. *Corpus Christi Bank & Trust*, 525 S.W.2d at 503–04; *MJR Corp.*, 760 S.W.2d at 10. In other words, the party claiming third-party beneficiary status will succeed or fail according to the terms of the contract. *Greenville Indep. School Dist. v. B & J Excavating, Inc.*, 694 S.W.2d 410, 412 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

■ Moreover, only donee and creditor beneficiaries have enforceable rights. *Sun Oil Co. v. Employers Casualty Co.*, 550 S.W.2d 348, 349 (Tex.Civ.App.—Dallas 1977, no writ); *Cumis Ins. Soc'y, Inc. v. Republic Nat'l Bank*, 480 S.W.2d 762, 766 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). Incidental beneficiaries have no enforceable rights. *Sun Oil*, 550 S.W.2d at 349; *Cumis*, 480 S.W.2d at 766. However, distinguishing between these types of beneficiaries is not always clear. "If the performance promised ... will, when rendered, come to the third person as a pure donation, he is a donee beneficiary. If, on the other hand, that performance will come to him in satisfaction of a legal duty owed to him by the promisee, he is a creditor beneficiary." *Breaux v. Banker*, 107 S.W.2d 382, 389 (Tex.Civ.App.—Beaumont 1937), *rev'd on other grounds*, 133 Tex. 183, 128 S.W.2d 23 (1939). Incidental beneficiaries are all those who are not donees or creditors. 4 Corbin on Contracts, § 779C (1951). Therefore, we must look to the language contained in the Merger Agree-

ment and decide whether the remaining shareholders of ICO were intended third-party beneficiaries.

The preamble to the Merger Agreement states that ICO and Brunswick "desire to facilitate a transaction whereby Brunswick is to acquire, either directly or through a subsidiary, *all shares of ICO's common stock ....*" [Emphasis added.] The section of the Merger Agreement setting forth the conversion of the shares provides that:

> *Each Share which is issued and outstanding* immediately prior to the Effective Date (other than Shares held by Brunswick or Transitory or any direct or indirect subsidiary thereof) shall by virtue of the Merger be converted into the right to receive $7.00 in cash. On the Effective Date, all rights with respect to such Shares (other than the foregoing right to receive $7.00 per Share) shall forthwith cease to exist and each such Share shall be cancelled [sic] ... *[E]ach holder of certificates which formerly represented Shares ... outstanding on the Effective Date* (other than Shares held by Brunswick or Transitory or any direct or indirect subsidiary thereof) shall be entitled ... to receive $7.00 for each Share.... [Emphasis added.]

In addition, the Merger Agreement contained a provision whereby ICO granted Brunswick an option to purchase, for $7.00 cash per share, the authorized but unissued shares or treasury shares, and if the option was exercised, the Agreement further provided that "[Brunswick] will cause *the other stockholders of ICO* to be offered ... $7.00 per Share in cash for their Shares." [Emphasis added.] The Merger Agreement, in only one instance, which is contained in section 4.10, delineated some difference between the shareholders who entered into the Shareholder Agreement and the remaining shareholders ("and the ICO shareholders who are entering into the Shareholder Agreement").

The provision providing for the effect of termination of the Merger Agreement either by its own terms or due to invalidity or unenforceability, section 9.3, contemplates all of the shareholders, as it states,

" ... no party hereto shall have any liability *to any other party hereto or its shareholders* or directors or officers...." [Emphasis added.] Lastly, section 10.8 of the Merger Agreement states, "This Merger Agreement ... is not intended to confer upon *any other person* any rights or remedies hereunder." [Emphasis added.] The Plan of Merger, which is appended to the Merger Agreement, contains some of these same provisions.

Little case law, and none in Texas, addresses whether shareholders are third-party beneficiaries of merger agreements. In fact, the only case law we could locate arose out of the failed merger between Gulf Oil Corporation and Cities Service Company. *See In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 725 F.Supp. 712 (S.D.N.Y.1989); *Cities Serv. Co. v. Gulf Oil Corp.*, 797 P.2d 1009 (Okla.Ct.App.1990). However, both of these decisions discuss at length whether the Cities Service shareholders were third-party beneficiaries of the merger agreement between Gulf Oil and Cities Service, especially in light of language contained in the merger agreement which is very similar to the language limiting liability in the Merger Agreement, section 10.8, quoted above.

We note first that Justice Keltner found *In re Gulf Oil* inapplicable to our consideration of the first Brunswick case because the court construed the Merger Agreement and the Shareholder Agreement together to determine whether the Major Shareholders were third-party beneficiaries, whereas in *In re Gulf Oil* the two agreements, the merger agreement and a tender offer agreement, were not to be construed together due to an integration clause. *Bush*, 783 S.W.2d at 731. We find that the Shareholder Agreement is not pertinent to the decision we make today, and thus, the rationale used by this court in the first Brunswick case to distinguish *In re Gulf Oil* is not relevant to the decision we make regarding the remaining shareholders.

The district court in *In re Gulf Oil* interpreted Delaware law, which like Texas, holds that third-party beneficiary status turns on contract language. *In re Gulf Oil*, 725 F.Supp. at 733. The merger agreement in that litigation stated, ironically in section 10.8, "This agreement ... is not intended to confer upon any other person any rights or remedies." *Id.* The court relied upon Corbin and quoted from his treatise stating "[I]f two contracting parties expressly provide that some third party who will be benefitted by performance shall have no legally enforceable right, the courts should effectuate the express intent by denying the third party any direct remedy." *Id.* The court reasoned that although the merger agreement provided for conversion of the shares, such provision did not demonstrate any general intent to benefit the shareholders, especially in light of the language expressly excluding any third-party beneficiary remedy. *Id.* at 734.

Likewise, the Oklahoma Court of Appeals also found that the Cities Service shareholders were not third-party beneficiaries of the merger agreement. In that case, Cities Service sued on behalf of its shareholders claiming that the shareholders were third-party beneficiaries. *Cities Serv. Co.*, 797 P.2d at 1011. When discussing the section which limited the rights and remedies under the agreement, the court expressly stated that " ... there is no ambiguity on the face of the merger agreement as to those persons to whom Section 10.8 was intended to apply, because in the present case the shareholders are the only class of potential third-party beneficiaries evident on the face of the contract." *Id.* at 1012. The court held that because of section 10.8 the parties to the agreement clearly did not intend to confer upon the shareholders a right to receive performance by the promisor, Gulf, and thus, the shareholders were not in a legal sense third-party beneficiaries of the merger agreement. *Id.*

We find little difference between the Cities Service/Gulf Oil litigation and the suit presently before us. The language contained in both merger agreements which purports to limit the liability to third parties is almost identical. Although we do not know the terms of the merger agreement as far as conversion of the shares in

the Cities Service/Gulf Oil merger, the language we have quoted from the Merger Agreement in the instant case simply does not convince us of any definite intent by the parties to convey any rights or remedies on any third parties, which we agree with the Oklahoma court, could only be the shareholders of ICO. We also agree section 10.8, as did section 10.8 in the Cities Service/Gulf Oil merger agreement, was intended to limit all rights and remedies to only the parties to the Merger Agreement, and in this particular case due to the Shareholder Agreement, the Major Shareholders.

Although the remaining shareholders certainly stood to benefit if the merger was consummated, they were but incidental beneficiaries, and as such, they have no enforceable right arising from the Merger Agreement. The remaining shareholders were not receiving a benefit in the form of a gift nor were they receiving any benefit by virtue of any legal duty owed to them. *See Breaux*, 107 S.W.2d at 389.

Lastly, it is significant that we distinguish our holding today from this court's previous decision concerning the third-party beneficiary status of the Major Shareholders. The majority in the prior opinion arrived at its decision based upon the peculiarity of the facts before it. *Bush*, 783 S.W.2d at 730 (decision based upon flow of events and facts before court). Essential to the prior opinion was the construction of the Merger Agreement in light of the Shareholder Agreement. *Id.* at 728–29. The Shareholder Agreement provided the support for holding that the Major Shareholders were third-party beneficiaries to the Merger Agreement. The majority found that the Major Shareholders were integral participants in the merger, meaning that without their performance as set forth in the Shareholder Agreement, the merger would not go through. *Id.* at 729–30 (Major Shareholders were integral participants in plan of merger with the documents sharing common purpose of completing the merger). Thus, the majority was correct in holding that section 10.8 referred to "persons other than the necessary participants in the merger." *Id.* at 730. Our holding today is, therefore, com-

pletely in line with our previous holding because the remaining shareholders were not necessary or integral participants in the merger.

We sustain Brunswick's sole point of error. The order of the trial court certifying the class is reversed and we render judgment that class certification is denied.