PALAIS ROYAL, INC., D/B/A
"Bealls", Relator,

v.

The Honorable Juan PARTIDA, Judge of the 275th District Court of Hidalgo County, Texas and the Honorable Fernando Mancias, Judge of the 93rd District Court of Hidalgo County, Texas, Respondents.

No. 13–95–529–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 8, 1996.

Joseph S. Cohen, Eric Scott Lipper, Jeffrey J. Brookner, Hirsch & Westheimer, P.C., Houston, William M. Mills, Atlas & Hall, McAllen, for relator.

Edwin R. Fleuriet, Richard D. Schell, Fleuriet, Schell & Franz, Harlingen, Gilberto Hinojosa, Magallanes, Sokat & Hinojosa, Brownsville, for real parties in interest.

Before SEERDEN C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

This application for mandamus illustrates some of the serious, continuing problems inherent in the current legal procedures relating to class action litigation. Rule 42 allows one or more persons as members of a class to sue or be sued as representative parties of a class if it is so numerous that joinder of all members is impracticable, where there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the class, and the representative parties will fairly and adequately protect the interests of the class. TEX. R.CIV.P. 42(a). The Rule further provides that the court shall, as soon as practicable after the commencement of an action as a class action, determine, by order, whether the suit shall be maintained as a class action.

*Id.* 42(c)(1). That determination may be altered, amended, or withdrawn at any time before final judgment. *Id.*

In the case before us, Geraldine Yvonne Prado, the real party in interest, filed the underlying lawsuit against relator, Palais Royal, Inc., d/b/a Bealls, alleging violations of the Debt Collection Act and Deceptive Trade Practices Act with respect to its credit card customers from September 1, 1993 to June 1995. *See* TEX.REV.CIV.STAT.ANN. art. 5069–11.01—11.11 (Vernon 1987 & Supp.1996) (Debt Collection Act); TEX.BUS. & COM.CODE ANN. § 17.42—17.61 (Vernon 1987 & Supp. 1996) (DTPA). The suit alleges that billing statements from Palais Royal which were received by Ms. Prado contained violations of the acts mentioned above. It is alleged that Ms. Prado believes the asserted class of persons who have received identical statements number in the thousands and are so numerous that joinder of all such persons would be impracticable.[1]

After the suit was filed but before any class certification, the real party in interest's attorney sent a letter to relator as a "written notice ... that Geraldine Yvonne Prado and all members of the putative class asserted in this cause have a claim ... for multiple violations of the" DTPA. After discussing the nature and number of alleged violations, the letter continues,

> The claim of Geraldine Yvonne Prado and the class is that the Defendants pay the sum of $300 in damages to each member of the class for each violation contained in each letter mailed to the class members....

Demand was also made for 40% attorney's fees.

The attorney for the relator replied to the letter enclosing $420 "referencing the full and final settlement of this matter." This reply letter also states that the client authorized settlement of the lawsuit in accordance with the real party in interest's letter and concludes with the statement that

Because there is no class action in this matter, we believe that we have established a binding Rule 11 Agreement settling this case.

Upon receipt of this letter, the real party in interest filed a "Motion for Preliminary Approval of Settlement Agreement, Certification of Settlement Class, and Approval of Notice to Class Members." Relator objected to the entry of a settlement of the purported class, claiming, among other things, that they had previously filed pleadings specifically denying that there should be a class certified in this instance.

The record before us shows a copy of an unsigned letter on the 93rd Judicial District Court letterhead which states, "The Court hereby GRANTS Plaintiffs' Motion for Approval of Settlement. The Court defers a ruling on the request for class certification and for approval of notice to class members. Plaintiffs are to prepare an appropriate order."

There is no order from the court or any document signed by Judge Mancias in the record before this Court.

Next, relator filed a motion to disqualify Judge Mancias based upon information that his wife was a member of the purported class alleged in the lawsuit. Thereafter, the real party in interest amended her petition to specifically exclude Judge Mancias and his family from the class. After Judge Mancias did not disqualify or recuse himself, the motion was forwarded to the Presiding Judge of the region who assigned Judge Juan Partida to hear the motion to disqualify. On the day set for this motion, the relator filed a motion to remove Judge Partida from hearing the motion to disqualify Judge Mancias because Judge Partida's wife was also a member of the putative class. In addition, relator filed a motion for continuance and motions to compel Judge Mancias to answer deposition questions relating to his family's credit relationship with Palais Royal. All motions were denied; Judge Partida denied the Mancias Disqualification Motion, and, after hearing the real party interest's motion for sanctions,

---

1. Plaintiff's original petition is not a part of the record before us; however, these allegations are taken from the Fourth Amended Original Peti-

tion, which is part of "Real Party in Interest's Reply to Petition for Writ of Mandamus."

struck certain of relator's pleadings and ordered relator to pay the real party in interest's attorney's fees within thirty days.

Relator has requested numerous forms of relief in its petition, however, we will limit our discussion to the ultimate issues of Judge Mancias's qualification to hear the underlying lawsuit and the sanctions imposed by Judge Partida.

■■■ The Texas Constitution provides, "No judge shall sit in any case wherein he may be interested." TEX. CONST. art. V, § 11; cf. TEX.R.CIV.P. 18b(1) ("Judges shall disqualify themselves [when] they know that ... they have an interest in the subject matter in controversy.") To warrant disqualification, the judge's interest must be a direct pecuniary or property interest in the very subject matter of the litigation such that the interest will be specially affected by the suit. *Nueces County Drainage and Conservation Dist. No. 2 v. Bevly,* 519 S.W.2d 938, 951 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). A judge is not disqualified by his interest in a case if that interest is affected only "remotely, or at some future date, from the general operation of law upon the status fixed by the judgment." *Narro Warehouse, Inc. v. Kelly,* 530 S.W.2d 146, 149 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). Similarly, a judge's interest merely in the legal question to be determined is not disqualifying. *Bevly,* 519 S.W.2d at 951.

■■■ Before certification, suits brought as class actions are typically governed by rules of procedure applicable to lawsuits generally rather than rules of procedure specific to class actions. *See Parker County v. Spindletop Oil & Gas Co.,* 628 S.W.2d 765, 768–69 (Tex.1982) (until certification of counterdefendant class, appearance by name plaintiff in original claim does not waive service on behalf of class members subject to counterclaims); *Ventura v. Banales,* 905 S.W.2d 423, 426 (Tex.App.—Corpus Christi 1995, orig. proceeding) (voluntary dismissal in suit brought as class action is governed by TEX.R.CIV.P. 162 until certification of a class, at which time dismissal becomes subject to TEX.R.CIV.P. 42(e)). Until the trial court duly certifies a class, a suit brought as a class action is treated as if it were brought by the named plaintiffs suing on their own behalf. *See Brunswick Corp. v. Bush,* 829 S.W.2d 352, 353 (Tex.App.—Fort Worth 1992, no writ); *accord Board of Sch. Comm'rs of City of Indianapolis v. Jacobs,* 420 U.S. 128, 129–30, 95 S.Ct. 848, 849–50, 43 L.Ed.2d 74 (1975) (considering improperly certified class action brought under analogous federal rules).

■■■ In our case, there has been no judicial action to certify any class. Thus, the only interested parties to the dispute now before us are Prado and Palais Royal. *American Express Travel Related Servs. Co. v. Walton,* 883 S.W.2d 703, 707 (Tex.App.—Dallas 1994, no writ); *Brunswick Corp.,* 829 S.W.2d at 353; *accord New Orleans Pub. Serv., Inc. v. United Gas Pipe Line,* 719 F.2d 733, 735 (5th Cir.1983) (citing Advisory Committee on Codes of Conduct of the Judicial Conference of the United States). Because there has been no class certification, Judge Mancias's decision is not binding on any party other than Prado and Palais Royal. *Jennings v. Minco Technology Labs, Inc.,* 765 S.W.2d 497, 503–04 (Tex.App.—Austin 1989, writ denied); *see also Brunswick Corp.,* 829 S.W.2d at 353.

■■■ Even though it was conceded at oral argument that Judge Mancias's wife was a credit card customer of relator, Judge Mancias is neither a party to the dispute between Prado and Palais Royal nor vested with a direct pecuniary interest in the subject matter of the litigation between those parties. *American Express,* 883 S.W.2d at 707; *accord United States v. Alabama,* 582 F.Supp. 1197, 1203, 1208 (N.D.Ala.1984) (even when judge would fall within the putative class if it were later certified, judge's precertification interest in case brought as class action is too remote to automatically disqualify judge under federal provisions analogous to TEX. CONST. art. V, § 11). Until the contrary is shown, challenged judges are presumed constitutionally qualified to preside over a case. *Quarles v. Smith,* 379 S.W.2d 91, 92 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.). Accordingly, Judge Mancias is not constitutionally disqualified from presid-

ing over the dispute between Prado and Palais Royal.

We now turn to the issue of sanctions. Judge Partida's order is expressly based on Rule 18a, which provides:

If a party files a motion to recuse under this rule and it is determined by the presiding judge or the judge designated by him at the hearing and on motion of the opposite party, that the motion to recuse is brought solely for the purpose of delay and without sufficient cause, the judge hearing the motion may, in the interest of justice, impose any sanction authorized by Rule 215(2)(b).

TEX.R.CIV.P. 18a(h). In addition to awarding a monetary sanction of $4,800 in fees to the real party in interest's attorneys, Judge Partida struck the relator's following pleadings related to the disqualification hearing:

(1) Motion to Disqualify and/or Recuse the Honorable Fernando G. Mancias;

(2) Notice of Intention to Take Deposition by Written Questions (of the Honorable Fernando G. Mancias);

(3) Motion to Compel Answers to Deposition on Written Questions (of the Honorable Fernando G. Mancias);

(4) Objection to the Honorable Juan R. Partida;

(5) Motion for Assignment of Judge; and

(6) Motion for Continuance.

 The disqualification and recusal issues are incidental to the merits of the underlying dispute, and the stricken pleadings are relevant only to the issues of judicial disqualification and recusal. Moreover, Judge Mancias remains qualified to preside over the suit between Prado and Palais Royal, and the motions for continuance and discovery are now moot because the real party in interest has conceded that Judge Mancias's wife is a credit card customer of relator. Furthermore, the relator filed its objection to Judge Partida less than ten days before the hearing although relator had notice of Judge Partida's assignment fourteen days before the hearing. See TEX.R.CIV.P. 18a(a) (motion stating why judge should not sit in case must be filed ten days before date set for hearing). These issues are all incidental to the underly-

ing suit, the sanctions do not limit relator's right to present the merits of any defense, and relator has not shown its right to any relief unavailable by appeal. Accordingly, relator has failed to carry its burden of demonstrating that Judge Partida's nonmonetary sanctions are appropriate for review in an extraordinary mandamus proceeding. *See Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305–06 (Tex.1994) (orig. proceeding); *Mauro v. Banales,* 858 S.W.2d 651, 652 (Tex.App.—Corpus Christi 1993, orig. proceeding).

 Regarding the award of attorney's fees, relator did not contend before the district court that the monetary sanction would limit its access to the court. The presentation of such a contention is a prerequisite to mandamus relief from monetary sanctions made payable during the pendency of the action. *Braden v. Downey,* 811 S.W.2d 922, 929 (Tex.1991) (orig. proceeding).

Palais Royal has not established that extraordinary relief is currently necessary to remedy any of its specific complaints. We therefore deny Palais Royal's petition for writ of mandamus.