Affirmed and Memorandum Opinion filed June 24, 2008








Affirmed and Memorandum Opinion filed June 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00751-CV

_______________

 

GERALD W. MANESS, Appellant

 

V.

 

SPAW MAXWELL GROUP, LLC, Appellees

                                                                                                                                               


On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 2005-36593-A

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Gerald W. Maness appeals from orders
granting summary judgment in favor of Spaw Maxwell Group, LLC (ASpaw@) on Maness= claims for negligence, negligent
misrepresentation, fraud, and breach of contract.  Maness contends that the
trial court erred  because fact issues exist regarding whether (1) Maness was a
third party beneficiary of a contract between Spaw and PM Realty Group
Investment Services, LLC (APM Realty@); (2) Spaw breached its contract with PM Realty to Maness= detriment; and (3) Spaw made
negligent representations and committed fraud against Maness.  We affirm.

 








Background

Gerald W. Maness, a family physician,
leased office space from  CSFB 1998-P1 Avex Ltd. Partnership (AAvex@).  Avex contracted with PM Realty to
manage the office complex.  In June 2001, the office flooded during tropical
storm Allison. 

PM Realty contracted with Spaw to
refurbish and restore Maness= office space after the flood.  PM Realty arranged for Maness= property to be moved and stored
during restorations.

Maness claims to have sustained
losses in connection with the storage of his property and the restoration of
his office space.  Maness sued for damages in connection with those losses,
asserting claims against Avex, PM Realty, and the storage company.  Spaw moved
for summary judgment on all of Maness= claims and requested a severance.

On June 7, 2007, the trial court
signed an order granting the first of three summary judgments against Maness. 
This order disposed of Maness= claims for breach of contract, negligence, negligent
misrepresentation, and fraud.  On August 10, 2007, the trial court signed two
additional orders granting  summary judgment on Maness= claims for contribution and
indemnity.

On August 10, 2007, the trial court
signed an order granting Spaw=s motion for severance.  With this severance, all claims
against Spaw became final and appealable.  

On September 10, 2007, Maness filed a
notice of appeal challenging the summary judgment orders signed on June 7, 2007
and August 10, 2007.[1] 








Standard of Review

This court applies de novo review
to a summary judgment order using the same summary judgment standard employed
in the first instance by the trial court.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  Spaw requested both a traditional summary
judgment under Texas Rule of Civil Procedure 166a(c) and a no-evidence summary
judgment under Rule 166a(i). 

A traditional summary judgment may be
granted if the motion and summary judgment evidence establish there is no
genuine issue of material fact and the moving party is entitled to judgment as
a matter of law.  Tex. R. Civ. P. 166a(c).  Summary judgment for a defendant is
proper when the defendant negates at least one element of each of the plaintiff=s theories of recovery, or pleads and
conclusively establishes each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 940 S.W.2d 910, 911 (Tex. 1997).  

In reviewing a traditional summary
judgment, we take as true all evidence favorable to the non-movant; indulge
every reasonable inference in the non-movant=s favor; and resolve any doubts in
the non-movant=s favor.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).  

A no‑evidence motion for
summary judgment must be granted if (1) the moving party asserts that there is
no evidence of one or more specified elements of a claim or defense on which
the adverse party would have the burden of proof at trial; and (2) the respondent
produces no summary judgment evidence raising a genuine issue of material fact
on those elements.  See Tex. R. Civ. P. 166a(i). In reviewing a no‑evidence
motion for summary judgment, we view all of the summary judgment evidence in
the light most favorable to the non-movant, Acrediting evidence favorable to that
party if reasonable jurors could, and disregarding contrary evidence unless
reasonable jurors could not.@ Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex.
2006).  The non-moving party need not marshal its proof, but it must present
evidence that raises a genuine fact issue on the challenged elements.  Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). 








Analysis         

In its summary judgment motion, Spaw
contended that (1) Maness= claims for negligence and negligent misrepresentation are
barred by the statute of limitations; (2) Maness had no evidence of a valid,
enforceable contract between itself and Maness; (3) Maness was not a third
party beneficiary of the contract between Spaw and PM Realty; (3) there was no
evidence of a breach of contract; (4) there was no evidence Spaw was negligent
in completing work pursuant to the agreement; and (5) there was no evidence of
a fraudulent or negligent misrepresentation by Spaw.

Maness contends on appeal that the
trial court erred in granting summary judgment to Spaw because a fact issue
exists as to whether (1) Maness was the third party beneficiary of the contract
between Spaw and PM Realty; (2) Spaw breached its contract with PM Realty to
Maness= detriment; and (3) Spaw made
negligent representations and committed fraud against Maness.

When, as here, the trial court does
not state the grounds for granting a summary judgment, we affirm the summary
judgment if any theory advanced in the motion supports the granting of a
summary judgment.  See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242
(Tex. 2001).








On appeal, Maness does not address
Spaw=s contentions that Maness= claims for negligence, including
negligent misrepresentation, are barred by the two-year statute of
limitations.  Tex. Civ. Prac. & Rem. Code ' 16.003 (Vernon Supp. 2007); see
Envtl. Procedures, Inc. v. Guidry, No. 14-05-01090-CV, 2008 WL 1746087, at
*9 (Tex. App.CHouston [14th Dist.] April 17, 2008, no pet.) (two-year statute of
limitations applies to negligence and negligent misrepresentation claims). 
Because Maness has not challenged these summary judgment grounds on appeal, we
affirm the grant of summary judgment as to negligence and negligent
misrepresentation.  State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 381 (Tex. 1993) (appellant must negate all grounds when there are multiple
grounds and order does not specify which one the trial court relied upon); Beatty
v. Holmes, 233 S.W.3d 475, 485 (Tex. App.CHouston [14th Dist.] 2007, pet.
filed) (AIf the appellant fails to negate each
ground upon which the judgment may have been granted, the appellate court must
uphold the summary judgment@).  We address below the remaining claims concerning third
party beneficiary status, breach of contract, and fraud.

Third Party Beneficiary and Breach of Contract

Maness does not dispute Spaw=s assertion that no contract exists
between  Maness and Spaw.  Instead, Maness claims that (1) he is the third
party beneficiary of the contract between Spaw and PM Realty; and (2) Spaw
breached the contract with PM Realty to Maness= detriment.  Spaw counters that
Maness cannot be a third party beneficiary as a matter of law because the
contract between Spaw and PM Realty does not reference Maness, and there is no
evidence of an intention to bestow third party beneficiary status on Maness. 

There is a strong presumption against
third party beneficiary status, and such status will not be created by
implication.  See MCI Telecomm. Corp. v. Tex. Util. Elec. Co., 995
S.W.2d 647, 650-52 (Tex. 1999) (there must be contractual language indicating
two parties entered into a contract directly and primarily for the third party=s benefit; when a contract is not
ambiguous, the construction of the written instrument is a question of law); see
also Union Pac. R.R. Co. v. Novus Int=l., Inc., 113 S.W.3d 418, 422-23 (Tex. App.CHouston [1st Dist.] 2003, pet.
denied).  AIn determining intent, courts presume that the parties contracted only
for themselves and not for the benefit of third parties, unless the obligation
to the third party is clearly and fully spelled out.@  Corpus Christi Bank & Trust
v. Smith, 525 S.W.2d 501, 503 (Tex. 1975).  

As a threshold matter, the parties
disagree about exactly which document constitutes Athe contract@ giving rise to Maness= claimed status as a third party
beneficiary.  








Maness contends the operative
contract is a document entitled AStandard Form of Agreement Between
Owner and Contractor where the basis of payment is the COST OF THE WORK PLUS A
FEE with a negotiated Guaranteed Maximum Price.@  Spaw challenges the effectiveness
of this document because it is signed only by Spaw.  Spaw says the operative
contract is a June 14, 2001 letter to Sondra Satterwhite of PM Realty from Tom
Forney of Spaw.  The letter names only PM Realty and Spaw as parties, and it is
signed by representatives of both entities.

We need not choose between these
documents to determine which is the operative contract because neither document
contains language bestowing third party beneficiary status on Maness.  The
intent to create third party beneficiary status must be fully and clearly set
out.  See MCI Telecomm. Corp., 995 S.W.2d at 651-52.  Absent direct
language in the contract indicating a party is a third party beneficiary, this
status is difficult to establish.  See Union Pac. R.R. Co., 113 S.W.3d
at 422-23;  Esquivel v. Murray Guard, Inc., 992 S.W.2d 536, 544 (Tex.
App.CHouston [14th Dist.] 1999,  pet.
denied) (Awe look only to the four corners of the agreement to determine the
parties= intent@); see also Raymond v. Rahme,
78 S.W.3d 552, 561 (Tex. App.CAustin 2002, no pet.) (doubts must be resolved against a
finding of third party beneficiary status); Brunswick Corp. v. Bush, 829
S.W.2d 352, 354 (Tex. App.CFort Worth 1992, no writ) (AThe party claiming third party
beneficiary status will succeed or fail according to the terms of the contract@).  Both the Standard Form of
Agreement and the June 14, 2001 letter lack language demonstrating an intent to
treat Maness as a third party beneficiary.

Third party beneficiary statues will
not be recognized unless (1)  the obligation of the bargain-giver is fully
spelled out, (2) it is unmistakable that a benefit to the third party was
within the contemplation of the primary contracting parties, and (3) the
primary parties contemplated that the third party would be vested with the
right to sue for enforcement of the contract.  See Union Pac. R.R. Co.,
113 S.W.3d at 422.








Maness asserts that Athe facts clearly establish that
Plaintiff was an intended beneficiary of the agreement between PM Realty on
behalf of Avex and Spaw Maxwell Company.@  Maness= contention derives from the legal
duty he assigns to Avex in favor of its tenants to repair the leased space
after the flood; the duty he says PM Realty owes Avex as its representative
managing the property; and the contract between Spaw and PM Realty to perform
post-flood renovations.  Maness argues that he is a creditor beneficiary of the
contract entitled to enforce his contract claims against Spaw as a third party
beneficiary.[2]

Maness relies on his own affidavit,
which references certain attachments; Spaw objected to these attachments as not
being properly authenticated.[3]  Even if we
consider these attachments, however, they do not overcome the strong
presumption against third party beneficiary status.  At most, the attachments
and Maness= self-serving statements in his affidavit demonstrate that Spaw repaired
a building managed by PM Realty, and that Maness was an incidental beneficiary
of those repairs.  These circumstances are insufficient to establish third
party beneficiary status.  See Young Ref. Corp. v. Pennzoil Co., 46
S.W.3d 380, 387 (Tex. App.CHouston [1st Dist.] 2001, pet. denied) (AThe fact that a nonparty might
receive an incidental benefit from a contract bestows no right of action to
enforce the contract@); see also Raymond, 78 S.W.3d at 561 (a property
owner, though receiving a benefit from the work of a subcontractor, is not a
third party beneficiary to the contract between the contractor and the
subcontractor absent specific language to the contrary).








The Standard Form of Agreement and
the June 14, 2001 letter do not mention Maness, and there is no language from
which to infer an intention to make Maness a third party beneficiary.  Even if
we assume for argument=s sake that the Standard Form of Agreement is the operative
contract (as Maness contends), that document=s integration clause forecloses
Maness= reliance in his affidavit on parol
evidence to establish third party beneficiary status.[4] 
Maness= affidavit falls short in any event
because those documents at most establish incidental beneficiary status.

Appellant=s first and second issues are
overruled.

Fraud

Maness next argues that a genuine
fact issue exists regarding whether Spaw Acommitted a fraud,@ and that his affidavit and the
documents attached to it support each of the necessary elements for a fraud
claim.[5] 








Maness= summary judgment response is nearly
silent as to his fraud claim.  He fails to address fraud or to make any
argument or to cite any authority establishing that summary judgment on his
fraud claim is foreclosed.[6]  On appeal,
Maness= fraud argument is encapsulated in a
single sentence: ALikewise, Appellant=s affidavit and documentary evidence
support each of the similar elements of a fraud cause of action such that the
District Court=s summary judgment on the fraud claim was improper as well.@  Because Maness provided no argument
or authority to avoid summary judgment on his fraud claim in his  summary
judgment response, and again fails to do so in his appellate brief, that issue
is waived.  See Cuyler v. Minns, 60 S.W.3d 209, 216 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied); Melendez v. Exxon Corp., 998 S.W.2d 266, 280 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (AThe argument in a brief must contain
a clear argument for the contentions made, with appropriate citations to the
record and to authorities.  A point of error not supported by authority is
waived@).

 Maness= fraud claim does not survive even if
it is considered on the merits.  A fraud cause of action requires a party to
establish that (1) a material representation was made, (2) the representation
was false, (3) when the speaker made the representation, he knew it was false or
made it recklessly without knowledge of the truth and as a positive assertion,
(4) the speaker made it with the intention that it should be acted upon by the
party, (5) the party acted in reliance upon it, and (6) the party thereby
suffered injury.  Lundy v. Masson, No. 14-06-00581-CV, 2008 WL 1862331,
at *4 (Tex. App.CHouston [14th Dist.] April 29, 2008, no pet. h); see also
Formosa Plastics Corp. USA v. Presidio Eng=rs and Contractors, Inc., 960 S.W.2d 41, 47-48
(Tex. 1998). 

At no time does Maness identify any
fraudulent misrepresentation that is distinct from the alleged negligent
misrepresentations.   In the single line in which Maness= appellate brief addresses fraud, he
refers to the Asimilar elements@ of negligent misrepresentation that underlie his fraud
claim.








Even if we consider Maness= affidavit and the attached
references, Maness does not establish that Spaw knowingly or recklessly made
the misrepresentations with the intent that they be relied upon by Maness.  AA promise of future performance
constitutes an actionable misrepresentation if the promise was made with no
intention of performing at the time it was made.@ Formosa Plastics Corp. USA,
960 S.W.2d at 47-48.  The party alleging fraud must present evidence the
misrepresentation was made Awith the intent to deceive and with no intention of
performing . . . the evidence presented must be relevant to [that party=s] intent at the time the
representation is made.@ Formosa Plastics Corp. USA, 960 S.W.2d at 48.  

Although Maness repeatedly asserts
that he relied upon Spaw=s promises concerning the completion date for the
reconstruction of his office, and although he repeatedly asserts that the
promises were false, he does not establish that Spaw (1) knew the
representations were false, (2) acted recklessly with regard to the truth of
these representations, or (3) did so with the intent that Maness rely on them. 
The closest Maness comes to this element of fraud is to state in his appellate
brief: AThe information presented by Appellee
to Appellant and the promises made to Appellant were false and Appellant=s evidence shows that Appellee Spaw=s representations were made without
any care or competence as they continued to make the same false representations
over and over.@  Even this statement fails to assert any knowledge of falsity on Spaw=s behalf, and though it might be
construed as an allegation Spaw acted with reckless disregarded of the truth,
it demonstrates no intent that Maness rely on the representations.

Appellant=s third issue is overruled.

Conclusion

The trial court=s judgment is affirmed. 

 

 

/s/        William J. Boyce

Justice

 

 

Judgment rendered and Memorandum
Opinion filed June 24, 2008.

Panel consists of Chief Justice
Hedges, Justice Boyce, and Senior Justice Price.*









[1]           On appeal, Maness does not challenge the
August 10, 2007 order granting summary judgment on his claims for indemnity and
contribution.  Therefore, we do not address these claims.  See Tex. R.
App. P. 38.01(e); see also Carter v. MacFadyen, 93 S.W.3d 307, 313 n.7
(Tex. App.CHouston [14th Dist.] 2002 pet. denied) (court did not
address orders not specifically challenged on appeal).





[2]           Maness argues, in the alternative, that the
contract can be enforced as a donee third party beneficiary.  For the same
reasons that there is no intention by the parties to confer third party
beneficiary status on Maness under the doctrine of creditor third party beneficiary,
we also conclude Maness is not a donee third party beneficiary.  AA donee beneficiary is a party to whom the
performance promised, when rendered, will come to her as a pure donation; a
creditor beneficiary is one to whom the performance promised will come in
satisfaction of a legal duty owed to her by the promisee.@  MCI Telecomm. Corp. 995 S.W.2d at 651; see also Rivera v. S. Green
Ltd. Partnership, 208 S.W.3d 12, 23 (Tex. App.CHouston [14th Dist.] 2006, pet.
denied) (both donee or creditor third party beneficiaries
must show they are more than incidental beneficiaries).





[3]           Spaw objects to improper authentication of
pages of documents identified by Maness as Amiscellaneous
documents produced in litigation by Avex indicating that the agreement between
PM Realty , SpawMaxwell Company, and Avex was entered into partially for my
benefit . . .@  See Tex. R. Evid. 901.  Even if Avex provided
many of the documents as a result of discovery, they are only authenticated
against Avex, not Spaw.  See Tex. R. Civ. Proc. 193.7 (AA party=s
production of a document in response to written discovery authenticates the
document for use against that party . .  .@). 





[4]           The Standard Form of Agreement contains an integration clause that states, AThe contract represents the entire
and integrated agreement between the parties . . . .@   The presence of an integration
clause further precludes the introduction of parol evidence to establish intent
of the parties not specified in contract.  See Union Pac. R.R. Co., 113
S.W.3d at 423 (refusing to find an ambiguity simply because parties advance
different contract interpretations).





[5]           See supra note 3.  Spaw has objected
to most of the documents provided by Maness, but we need not resolve these
objections at this time.





[6]           In the context of a summary judgment, a non-movant is
required to expressly present to the trial court any issues defeating the
movant's entitlement to summary judgment. Tello v. Bank One N.A., 218
S.W.3d 109, 118 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  To Aexpressly@ present issues as required by Rule 166a(c), the written
answer or response to the motion for summary judgment must fairly apprise the
movant and the trial court of the issues the non-movant contends should defeat
the motion for summary judgment. Id. at 119.  In determining which
issues expressly were presented to the trial court, a reviewing court may not
rely on the appellate briefs or the summary judgment evidence. Dubose v.
Worker=s Med., P.A., 117 S.W.3d 916, 920 (Tex. App.CHouston [14th Dist.] 2003, no
pet.).

 





*           Senior Justice Frank C. Price sitting by assignment.