Dismissed and Memorandum Opinion filed July 17, 2003









Dismissed and Memorandum Opinion filed July 17, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01138-CV

____________

 

BILLY R. FLANIGAN, Appellant

 

V.

 

ARRIBA LIMITED, A BAHAMAS CORPORATION and
THE PETROLEUM WORKERS UNION OF THE REPUBLIC OF MEXICO, ET AL., Appellees

 



 

On
Appeal from the 281st District Court

Harris County, Texas

Trial
Court Cause No. 85-35446AC

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted interlocutory appeal from an order
denying appellant=s motion to vacate the receiver=s appointment signed September 27,
2002.  On October 16, 2003, appellant,
the intervenor below, filed his notice of accelerated appeal.  Because we lack jurisdiction over this
appeal, we dismiss.








James B. Gomez, was appointed by a Bahamian court as the
receiver for Arriba Limited.  On May 22,
2002, he filed an application for a writ of garnishment to enforce an earlier
judgment in favor of Arriba in the underlying suit.  Appellant filed a motion to show authority
questioning Gomez=s authority to act on behalf of Arriba.  The trial court denied the motion and ordered
Athat James B. Gomez be recognized as
the receiver for Arriba Limited and Astor Limited with all powers granted by
his order(s) of appointment.@  The trial court did
not appoint Gomez as receiver. 
Appellant then moved to vacate the receiver=s appointment, which the court
denied.  When the trial court denied
appellant=s motion to vacate the receiver=s appointment, the court specifically
included the following language in the order:

To clarify: James B. Gomez has not been appointed
receiver by this Court.  This Court,
however, will give full faith and credit [to] the Bahamian Order absent (1)
further order of that court; or (2) a showing as to why such order should not be
recognized.

 

On May 28, 2003, appellee, Arriba Limited, filed its brief in
this appeal.  In its brief, Arriba
asserted this is an improper interlocutory appeal because it does not arise
from an order that appoints a receiver or from an order overruling a motion to
vacate an order that appoints a receiver. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014(a)(1),(2) (listing interlocutory orders that may be
appealed).[1]  Arriba requested the appeal be dismissed.








The legislature determines, by statute, whether a particular
type of pretrial ruling may be appealable before a final judgment is
rendered.  Appellate courts have
jurisdiction to consider immediate appeals of interlocutory orders only if a
statute explicitly provides appellate jurisdiction.  Stary v. DeBord, 967 S.W.2d 352, 352‑53
(Tex. 1998).  A statute authorizing an
appeal from an interlocutory order is in derogation of the general rule that
only final judgments are appealable; therefore, Texas courts strictly construe
those statutes authorizing interlocutory appeals.  America Online, Inc. v. Williams, 958
S.W.2d 268, 271 (Tex. App.CHouston [14th Dist.] 1997, no writ).

On June 23, 2003, notification was transmitted to all parties
of the Court=s intent to dismiss the appeal for
want of jurisdiction unless appellant demonstrated meritorious grounds for
continuing the appeal.  See Tex. R. App. P. 42.3(a).  Appellant=s response was due July 3, 2003, but
no response was filed.  Appellant also
did not file a brief in reply to appellee=s brief requesting dismissal of the
appeal.

We hold that Section 51.014 does not grant the right to an
interlocutory appeal over the trial court=s order denying appellant=s motion to vacate the appointment of
a receiver who was not appointed by the court pursuant to Texas law.  Accordingly, the appeal is ordered dismissed
for want of jurisdiction.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed July 17, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

 











[1]  Section 51.014
of the Texas Civil Practice and Remedies Code provides in relevant part:

A person
may appeal from an interlocutory order of a district court, county court at
law, or county court that:

(1)
appoints a receiver or trustee;

(2)
overrules a motion to vacate an order that appoints a receiver or trustee;

Tex. Civ. Prac.
& Rem. Code Ann. ' 51.014(a)(1),(2).