In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00363-CV




MICHAEL MCLANE, Appellant

V.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee




On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2002-47785B


 

MEMORANDUM OPINION
          This is one of several proceedings filed by appellant, Michael McLane, in this
Court—all of which appear to be related to his July 2003 divorce from Sandra
McLane, and the trial court’s various decisions regarding child support and child
custody for their son. 
          Michael has previously challenged a finding below—made while he was
seeking a reduction in child support payments for his son, M.R.M.—that he was
underemployed. See McLane v. McLane, 263 S.W.3d 358 (Tex. App.—Houston [1st
Dist.] 2008, pet. denied). Michael now brings this appeal, which he characterizes as
an “accelerated appeal,” challenging the trial court’s temporary orders naming the
Department of Family and Protective Services (the “Department”) as sole temporary
managing conservator of M.R.M. Michael contends that the trial court abused its
discretion because the Department failed to carry its burden of proving all three
prongs of Section 262.201 of the Texas Family Code and because “there is no
evidence to support a total limitation or denial of access of the parents of the child.” 
Accordingly, Michael requests that we name him sole temporary managing
conservator of the child and “remand the case to the trial court to enter order that the
mother demonstrate that she is able to co-parent the child.” In the alternative,
Michael asks that he be named as temporary joint possessory conservator, along with
Sandra, with “equalized standard visitation.”


 
Jurisdiction
          Generally, appeals may be taken only from final judgments. Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be
appealed only when expressly permitted by statute. Bally Total Fitness Corp. v.
Jackson, 53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Texas courts strictly construe
statutes authorizing interlocutory appeals. America Online, Inc. v. Williams, 958
S.W.2d 268, 271 (Tex. App.—Houston [14th Dist.] 1997, no writ). 
          The Texas Family Code specifically precludes the interlocutory appeal of
temporary orders, except those appointing a receiver. See Tex. Fam. Code Ann. §
6.507 (Vernon 2006); see also Tex. Fam. Code Ann. § 105.001(e) (Vernon 2006)
(stating temporary orders in suits affecting the parent-child relationship are not
subject to interlocutory appeal). Michael’s own brief admits that he is attempting to
appeal an interlocutory order, and cites no authority which might vest us with
appellate jurisdiction over this matter. 
Conclusion
          We dismiss this appeal for want of jurisdiction.

 


                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Hanks.