**Appeal Reinstated; Motion to Dismiss Denied; Order filed November 29, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00037-CV
_____

**HELEN MAYFIELD, Appellant**

**V.**

**JOHN CUOCO, STEVE FULLHART, KBTX NEWS, a Corporation, and GRAY COMMUNICATIONS, a Corporation, Appellees**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2011-26159**

---

## ORDER

Appellant filed a notice of appeal on January 10, 2012, to appeal two orders signed December 13, 2011. Appellant also filed an Affidavit of Inability to Pay Costs on appeal. *See* Tex. R. App. P. 20.1. Appellant filed a second notice of appeal from the trial court's ruling on her claim of indigence, and that appeal was assigned to this court and docketed under our appellate case number 14-12-00392-CV. We ordered the record pertaining to appellant's indigence claim filed. *See In re Arroyo,* 988 S.W.2d 737, 739 (Tex. 1998). We also abated this appeal pending our review of appellant's indigence appeal.

The clerk's record has now been filed in both appeals. The record reveals that the trial court *overruled* the Harris County District Clerk's contest to appellant's affidavit. Therefore, appellant is entitled to appeal without the advance payment of costs. The indigence appeal docketed under number 14-12-00392-CV is moot and has been dismissed. Accordingly, we order this appeal **REINSTATED.**

At the time this appeal was abated, appellees' Steve Fullhart and Gray Television Group, Inc. d/b/a KBTX-TV's motion to dismiss was pending.[1] In the motion, appellees complain that appellant did not pay the appellate filing fee, did not pay for preparation of the clerk's record on appeal, and her affidavit of indigence was deficient. The trial court ordered that appellant may proceed without the advance payment of costs on appeal. Accordingly, the issues raised in appellees' motion do not provide a basis for dismissal of the appeal. *See Arroyo,* 988 S.W.2d at 739 (holding that appellate court may not dismiss appeal for appellant's failure to file the complete record pending resolution of appellant's claim of indigence). Accordingly, we **DENY** appellees' motion to dismiss.

However, the record raises a jurisdictional question. According to the record, this is an attempted appeal from two orders signed December 13, 2011: an order granting the motion for summary judgment filed by appellees Steve Fullhart and KBTX-TV (the media defendants), and an order denying appellant's counter-motion for summary judgment. Our record does not contain any documentation concerning resolution of the claims against the other defendant named in the suit, John Cuoco. In fact, the trial court's docket sheet indicates that the case has been set for trial. Therefore, it appears that the summary judgment in favor of the media defendants, even though denominated as final, is interlocutory.

Generally, appeals may be taken only from final judgments. *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n. 1 (Tex.2006). Interlocutory orders are not appealable unless

---

[1] The parties to this appeal are named as they were in the original petition. The corporate appellee has asserted that its correct name is Gray Television Group, Inc. d/b/a KBTX-TV.

explicitly made so by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). We strictly construe statutes giving us jurisdiction over interlocutory appeals. *See Am. Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

A media defendant may appeal an interlocutory order denying a motion for summary judgment raising a free speech defense. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(6). In this case, the media defendant's motion for summary judgment was *granted.* The order denying appellant's counter-motion for summary judgment is not appealable. *See Kaufman v. Islamic Soc. of Arlington*, 291 S.W.3d 130, 137 (Tex. App.—Fort Worth 2009, pet. denied).

Accordingly the court will consider dismissal of this appeal for want of jurisdiction unless any party files a response demonstrating that this court has jurisdiction on or before **December 14, 2012.**

PER CURIAM