# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00755-CV

**Simon Solotko, on behalf of himself and all others similarly situated, Appellant**

**v.**

**LegalZoom.com, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-08-000766, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Simon Solotko brings this interlocutory appeal challenging the trial court's order denying Solotko's motion to certify a nationwide class. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(3). Because we conclude that the trial court acted within its discretion, we affirm the trial court's order denying class certification.

## BACKGROUND

Appellee LegalZoom.com, Inc., is an online legal document preparation service headquartered in California. One of the services that LegalZoom offers is a federal trademark application filing service. During the relevant time period, the government filing fee for a trademark application varied depending on whether the application was submitted under the Trademark Electronic Application Service (TEAS) or TEAS Plus. The government filing fee for applications

submitted under TEAS was $325 and under TEAS Plus, $275. LegalZoom submitted its customers applications under both services, but its website stated that the government filing fee was $325.

Solotko sought a trademark through LegalZoom's online service. LegalZoom charged Solotko $474 for this service, itemizing the charge as $159 for its preparation fee and $325 for the government filing fee minus a $10 discount. Because LegalZoom submitted Solotko's application under TEAS Plus, however, the filing fee that LegalZoom paid to the government for Solotko's application was $275. Based primarily upon the $50 difference between the represented and the actual filing fee, Solotko filed this suit against LegalZoom, asserting common law claims of conversion, breach of contract, breach of fiduciary duty, and fraud.

As part of the suit, Solotko sought to certify a nationwide class of approximately 15,000 class members from all 50 states and the District of Columbia. Solotko alleged that LegalZoom submitted each class member's trademark application under TEAS Plus, paying $275 to the government but charging each class member $325 for the filing fee. Solotko sought damages individually and for the class, including restitution, interest, attorney's fees, exemplary damages, and disgorgement of LegalZoom's "service fee." In his motion to certify the class, Solotko stated that the trial court "has held that California law applies" and that "[t]here will be no difficulty in ascertaining and applying California law." The trial court had applied California law in summary judgment rulings concerning Solotko's individual claims based on LegalZoom's Terms of Service.[1]

---

[1] In his motion to certify, Solotko states that California substantive law applies pursuant to the Court's Order of January 20, 2010. In that summary judgment order, the trial court stated: "The Court applied California law based on the LegalZoom.com, Inc.'s Terms of Service." The Terms of Service on LegalZoom's website included a provision that stated:

Solotko also amended his petition to assert claims based solely on California law. His claims included breach of fiduciary duty, statutory constructive fraud, "money had and received," and violations of California's unfair competition and false advertising laws. *See generally* Cal. Civ. Code § 1573 (2011) (constructive fraud); Cal. Bus. & Prof. Code §§ 17200, 17500 (2011) (unfair competition and false advertising).

LegalZoom opposed the motion to certify. It disputed that the trial court had held that California law applied to claims brought by any member of the putative class other than Solotko and urged that Solotko had failed to conduct the 50-state analysis required to certify a nationwide class, that common issues of law and fact did not predominate, that Solotko's claims were not typical and he was not an adequate class representative, and that Solotko failed to offer the required class action trial plan. *See* Tex. R. Civ. P. 42 (requirements for class certification).

After an evidentiary hearing on Solotko's motion to certify, the trial court denied Solotko's motion and made express findings in its order pursuant to Rule 42(c)(1)(D) of the rules of civil procedure. *See id*. 42(c)(1)(D). The trial court's findings included:

> Plaintiff has not shown that the law governing the putative class members' claims would be common to all members of a nationwide class.

---

LegalZoom exists solely within the state of California. I agree that regardless of where I reside or where my browser is physically located, my viewing and use of LegalZoom occurs solely within the County of Los Angeles in the State of California, and that all content and services shall be deemed to be served from, and performed wholly within Los Angeles, California, as if I had physically traveled there to obtain the service. I agree that California law shall govern any disputes arising from my use of this website, and that the courts of the city of Los Angeles, state of California, shall have exclusive jurisdiction over any disputes.

3

. . . .

The Plaintiff has failed to show sufficient common issues of law nationwide.

. . . .

The issues of law affecting only individual class members include:

The law applicable to each class members' claims will vary, among other things, based on the choice of law principles applicable in each of fifty (50) states and the District of Columbia, and then, in turn, based on the applicable substantive law in each of fifty (50) states and the District of Columbia, including but not limited to the various applicable consumer protection statutes and other substantive legal claims and remedies potentially available for class members to assert. . . .

The preliminary issues that would be the object of most of the efforts of the litigants and the court would include (1) a separate state-by-state for fifty-one (51) jurisdictions as to whether the LegalZoom Terms of Service are incorporated into each class members' agreement with LegalZoom; (2) a separate state-by-state choice of law analysis for fifty-one (51) jurisdictions; (3) a separate state-by-state substantive legal analysis for class members located in fifty-one (51) jurisdictions.

This interlocutory appeal followed.

## ANALYSIS

### *Subject Matter Jurisdiction*

As a threshold matter, LegalZoom challenges the trial court's subject matter jurisdiction to consider Solotko's claims. LegalZoom contends that this case should be dismissed because Solotko does not have individual standing to sue. *See M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 710–11 (Tex. 2001) (standing prerequisite to subject matter jurisdiction and, in context of class action, named plaintiff must have individual standing); *see also Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (general test for standing). LegalZoom

4

contends that the undisputed facts and Solotko's admissions made during class certification establish that he suffered no harm or injury in fact and, therefore, that he lacks standing. *See Novak*, 52 S.W.3d at 707–08 (citation omitted) (plaintiff must show "personal stake" in controversy to establish standing).

"It has long been the rule that a plaintiff's good faith allegations are used to determine the trial court's jurisdiction." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502–03 (Tex. 2010). Courts generally presume the truth of allegations in pleadings that are supportive of standing to determine standing and dispose of litigation through summary judgment. *Id*. In his pleadings, Solotko alleged—and it was not disputed—that he purchased services from LegalZoom via its website. He also alleged that he was injured by LegalZoom's representations on its website and sought individual damages, including restitution, interest, exemplary damages, and disgorgement of LegalZoom's service fee.[2] Based upon these allegations, we conclude that Solotko's pleadings conferred standing. *See id.* We turn then to Solotko's issues challenging the trial court's order denying class certification.

---

[2] In contrast with Solotko's allegations, the named plaintiff in *Novak* did not allege individual injury. *See M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). He alleged that a fund-raising letter contained false representations and that "the defendants had conspired to fraudulently induce the recipients of the letter to contribute money," but he did not allege that he had actually made a contribution in response to the letter. *Id.* at 706, 710–11. In that context, the supreme court dismissed the class action suit on the ground that the named plaintiff lacked individual standing. *Id*.

5

*Class Certification*

In three issues, Solotko challenges the trial court's order denying class certification. He contends that the trial court failed to undertake the required choice of law analysis, the trial court's description in its order of how it would approach a choice of law analysis was legally erroneous, and, under the correct choice of law framework, the trial court should have held that California law governs the class claims.

A)      *Standard of Review*

Appellate courts review a class certification order for abuse of discretion. *Bowden v. Phillips Petroleum Co.*, 247 S.W.3d 690, 696 (Tex. 2008); *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 671 (Tex. 2004). "A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding principles." *Bowden*, 247 S.W.3d at 696 (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)). We do not indulge every presumption in the trial court's favor, however, as compliance with class action requirements "must be demonstrated; it cannot merely be presumed." *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 690–91 (Tex. 2002) (citing *Southwestern Ref. Co. v. Bernal*, 22 S.W.3d 425, 435 (Tex. 2000)).

Further, "there is no right to litigate a claim as a class action. Rather, Rule 42 provides only that the court *may* certify a class action if the plaintiff satisfies the requirements of the rule." *Bernal*, 22 S.W.3d at 439 (citation omitted, emphasis added); *see* Tex. R. Civ. P. 42(a)–(b); *Ridgeway v. Burlington N. Santa Fe Corp.*, 205 S.W.3d 577, 581 (Tex. App.—Fort Worth 2006, pet. denied) (appellant seeking to reverse order denying class certification "faces a formidable task" and must demonstrate that Rule 42 requirements satisfied and that "trial court's refusal to certify the class

6

was legally unreasonable under the facts and circumstances of the case"); *Domizio v. Progressive County Mut. Ins. Co.*, 54 S.W.3d 867, 876 (Tex. App.—Austin 2001, pet. denied) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), and *Vinson v. Texas Commerce Bank-Houston Nat'l Ass'n*, 880 S.W.2d 820, 824 (Tex. App.—Dallas 1994, no writ)) ("Even if certification would have been proper [under Rule 42 of the Texas Rules of Civil Procedure], a denial may still not be an abuse of discretion.").

> B) *Requirements of Class Certification*

All class actions must satisfy the four threshold requirements contained within Rule 42(a): (1) numerosity ("the class is so numerous that joinder of all members is impracticable"); (2) commonality ("there are questions of law, or fact common to the class"); (3) typicality ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"); and (4) adequacy of representation ("the representative parties will fairly and adequately protect the interests of the class"). Tex. R. Civ. P. 42(a)(1)–(4); *Bernal*, 22 S.W.3d at 433. In addition to the subsection (a) prerequisites, class actions also must satisfy at least one of the subdivisions of Rule 42(b). *See* Tex. R. Civ. P. 42(b) (subsection (b) directs that only certain kinds of actions can be class actions); *Bernal*, 22 S.W.3d at 433.

Here Solotko argues that the class action satisfies Rule 42(b)(3). To certify a class under Rule 42(b)(3), in addition to the subsection (a) prerequisites, the trial court must "find that 'questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and a class action is *superior* to other available methods for the

fair and efficient adjudication of the controversy.'" *Lapray*, 135 S.W.3d at 663 (quoting Tex. R. Civ. P. 42(b)(3); emphasis in original).[3]

"[P]redominance is 'one of the most stringent prerequisites to class certification.'" *Lapray*, 135 S.W.3d at 663 (quoting *Bernal*, 22 S.W.3d at 433). "The predominance requirement prevents class certification when complex and diverse individual issues would overwhelm or confuse a jury or severely compromise a party's ability to present otherwise viable claims or defenses." *Stonebridge Life Ins. Co. v. Pitts*, 236 S.W.3d 201, 205 (Tex. 2007) (citing *Stromboe*, 102 S.W.3d at 690; *Bernal*, 22 S.W.3d at 434). "Certification is not appropriate unless it is determinable from the outset that the individual issues can be considered in a manageable, time-efficient and fair manner." *Id*. (citation omitted). "The test for predominance is not whether common issues out number uncommon issues but . . . whether common or individual issues will be the object of most of the efforts of the litigants and the court." *Id*.

---

[3] Rule 42 contains a nonexhaustive list of factors to aid a court in determining if (b)(3) certification is appropriate:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the difficulties likely to be encountered in the management of a class action.

Tex. R. Civ. P. 42(b)(3).

C)     *Solotko's Issues*

In his first issue, Solotko urges that the trial court erred by failing to perform the choice of law analysis that the supreme court required in *Lapray*. In that case, the supreme court, reversing and remanding, stated that trial courts "must perform a 'rigorous analysis' before ruling on class certification to determine whether *all* prerequisites to certification have been met" and concluded that the "lower courts erred by failing to conduct a state-by-state analysis of the questions of law presented." *Lapray*, 135 S.W.3d at 663 (quoting *Bernal*, 22 S.W.3d at 433; emphasis in original), 673. The supreme court explained: "In the context of a nationwide class action, the determination of the applicable substantive law is of paramount importance. If the court does not know which states' laws must be applied, it cannot determine whether variations in the applicable laws would defeat predominance in a (b)(3) class action." *Id.* at 672. The supreme court made clear that it had rejected the "'certify now and worry later' approach" and then outlined some of the differences in the various states' laws at issue to demonstrate the analysis the trial court should have made. *Id.* at 672, 674–80 (citing *Bernal*, 22 S.W.3d at 435).

That the trial court here did not perform a choice of law analysis or determine the substantive law applicable to each of the putative class members, however, is not dispositive. In *Lapray*, the supreme court was addressing a trial court's order *certifying* a nationwide class—not denying certification. Further, the supreme court explained that the "class representatives bear the burden of establishing the prerequisites for class treatment," and that, in the nationwide class context, "they must present an extensive analysis of state law evaluating any differences" between the relevant state laws. *Id.* at 673 (citing *Spence v. Glock*, 227 F.3d 308, 313 (5th Cir. 2000)). The court

9

also admonished the lower courts not to "accept 'on faith' a party's assertion that no variations in state laws exist; plaintiffs, as class action proponents, must show that it is accurate." *Id*. (quoting *Castano v. American Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996)).[4]

In *Lapray*, "both parties submitted extensive choice-of-law research, expert reports, and summaries of the law," but the trial court did not analyze the laws of the various jurisdictions, concluding instead in one sentence that 'this Court finds that any variations in the law of the affected jurisdictions do not render the case unmanageable.'" *Id*. at 673. In that context, the supreme court found the trial court's analysis inadequate to *certify* a nationwide class. In contrast to the information provided to the trial court in *Lapray*, Solotko's position to the trial court here was that the trial court had already determined that California law applied and that no state-by-state analysis of variations in relevant state laws was necessary. In his reply to LegalZoom's opposition briefing to the trial court, Solotko did provide cites to the trial court from other states to support his assertion that "all 50 states have demonstrated their willingness to enforce choice of law provisions in circumstances where 'a reasonable' basis to do so exists and public policy does not dictate otherwise," but he did not provide further analysis and continued to argue that there was "no need to conduct a 50-state survey of substantive law because the claims are asserted only under California law; only California law need be examined."

Solotko, as the class representative, bore the burden to demonstrate compliance with class action requirements, including that common questions of law predominate. It was his burden

---

[4] Because Rule 42 was patterned after Federal Rule of Civil Procedure 23, Texas courts rely on persuasive federal decisions and authorities interpreting current federal class action requirements. *See Citizens Ins. Co. of America v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

then to show that California law applied to the other class members. Given Solotko's position to the trial court and the supreme court's admonishment not to accept a plaintiff's assertions "on faith," the trial court could have concluded that Solotko failed in his burden to provide the trial court with sufficient information to perform the choice of law analysis and, therefore, that he failed in his burden to show that California law applied and that common questions of law predominate. *See id.* at 663; *Spence*, 227 F.3d at 313 (holding that plaintiff failed to meet burden of demonstrating that common questions of law predominate by not presenting "sufficient choice of law analysis"). We overrule Solotko's first issue.

In his second and third issues, Solotko challenges the trial court's description in its order of how it would approach the choice of law analysis. He contends that the proper analysis would have shown that there was no need to consider each state's choice of law principles, that the trial court should have applied Texas choice of law principles, and that Texas principles would start with the parties' contractual choice of California law. Even if we assume that Texas choice of law rules apply, however, analysis of other jurisdiction's substantive laws remained necessary. Under choice of law rules governing contracts that contain an express choice of law provision, Texas courts look to section 187 of the Restatement (Second) of Conflict of Laws. *Sonat Exploration Co. v. Cudd Pressure Control Inc.*, 271 S.W.3d 228, 231 (Tex. 2008) (citations omitted); *see Monsanto Co. v. Boustany*, 73 S.W.3d 225, 229 (Tex. 2002) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677–78 (Tex. 1990) (citing Restatement (Second) of Conflict of Laws § 187)).

11

Section 187 provides in relevant part:

(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Section 187(2)(b) directs a court to analyze the "fundamental policy" of other states "which [have] a materially greater interest than the chosen state in the determination of the particular issue." Under Texas choice of law principles then, it was Solotko's burden to provide the trial court with sufficient information to enable the court to determine whether the application of California law would be contrary to the "fundamental policy" of other states which have a "materially greater interest" in the determination of their class members' claims. For example, a preliminary issue would be whether the other states' policies would allow enforcement of an online term against a consumer—such as the one at issue here—to waive claims and remedies under the respective states'

12

consumer protection laws. *See Stromboe*, 102 S.W.3d at 695–96 (states have varying consumer protection laws and varying remedies).

Solotko also argues that the trial court did not need to perform a 50-state analysis because the class's claims were asserted only under California law and LegalZoom stood by its terms of service. But it is for the courts, not the litigants, to determine the substantive law that governs. *See Citizens Ins. Co. of America v. Daccach*, 217 S.W.3d 430, 440 (Tex. 2007) (rejecting "estoppel" argument based on defendant's prior position that policies at issue were "not subject to foreign regulation" and noting that plaintiff's choice of law rarely controlling); *see also Bowden*, 247 S.W.3d at 697–98 (although courts do not "instruct litigants which claims or defenses they should, or should not, bring," decision to assert certain claims and abandon others is relevant factor in evaluating class certification). "[A] nationwide class is not entitled to a 'looser' analysis merely because applying one state's law would be easier than applying many. Nor can class members opt in or out of applicable law; plaintiffs are bound by the law that governs their claims even if they would prefer that a different law apply." *Tracker Marine, L.P. v. Ogle*, 108 S.W.3d 349, 352 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing and quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 820–22 (1985)). LegalZoom's position and Solotko's pleadings limiting the class's claims to California law then did not satisfy Solotko's burden to provide the trial court with sufficient information of the substantive law that governed the other class members. *See id.*; *see also Bowden*, 247 S.W.3d at 698 (citation omitted) ("A proper analysis requires the trial court to venture beyond the pleadings and to 'understand the claims, defenses, relevant facts, and applicable substantive law.'"); *Stromboe*, 102 S.W.3d at 695–96 (determination that Texas law governs

13

nationwide class deprives class members who live in states with stronger consumer protection laws of the benefits of those laws).

Because we conclude that the trial court within its discretion could have found that Solotko failed in his burden to provide sufficient information to support his motion to certify the class, we overrule Solotko's second and third issues and conclude that the trial court did not abuse its discretion in denying Solotko's motion.[5]

### D) LegalZoom's Request for Additional Relief

In its briefing to this Court, LegalZoom asks this Court to determine that Solotko is foreclosed from attempting to certify a statewide class or any class in this suit and to direct the trial court that Solotko is confined upon remand to asserting his claims individually. LegalZoom argues that Solotko did not seek certification of a statewide class and, therefore, that he should be barred from seeking to do so on remand and that his claims are not certifiable as a matter of law, regardless of the class size. But an appellate court may not grant a party who does not file a notice of appeal more favorable relief except for just cause. Tex. R. App. P. 25.1(c); *City of Austin v. Whittington*, 384 S.W.3d 766, 789 (Tex. 2012); *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004). LegalZoom did not file a cross appeal from the trial court's order, and the requested determination and relief would go beyond what LegalZoom obtained below.

---

[5] Solotko also asserts a conditional issue concerning other grounds that LegalZoom raised in its opposition to class certification that the trial court did not address. Solotko argues that "if there is any question whether Solotko might have to establish any other Rule 42 elements to obtain appellate relief, then the trial court erred by not stating its resolution of those issues." Because we conclude that the trial court did not abuse its discretion by denying Solotko's motion to certify the class, we do not reach Solotko's conditional issue. *See* Tex. R. App. P. 47.1.

14

Further, in class certification appeals, appellate courts only have jurisdiction over collateral matters that are included in the appealed order. *See America Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *American Express Travel Related Servs. Co. v. Walton*, 883 S.W.2d 703, 707 (Tex. App.—Dallas 1994, orig. proceeding) (because trial court disposed of class size and notification issues in order certifying class, appellate court had jurisdiction to review those collateral issues); *see also Williams*, 958 S.W.2d at 271 (citing *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 835 (Tex. App.—Austin 1984, no writ)) (statutes authorizing interlocutory appeals strictly construed). Here, the trial court's order denied Solotko's motion to certify without reaching LegalZoom's arguments in opposition to statewide or any class certification. We, therefore, do not reach those issues. *See Stromboe*, 102 S.W.3d at 700–01 (concluding "only that certification order [of nationwide class] before [the supreme court was] improper" and leaving issue of whether any class could be certified for trial court "in the first instance").

## CONCLUSION

Because we conclude that the trial court acted within its discretion by denying Solotko's motion to certify class, we affirm the trial court's order.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: July 11, 2013

16